IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN M. THOMAS, | No. CIV.S-05-0200 LKK DAD PS |
| Plaintiff, | |
| v. | ORDER AND |
| THE PEOPLE OF THE UNITED STATES OF AMERICA, GREGORY G. HOLLOWS, MAGISTRATE JUDGE, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |
| _____/ | |

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28

1

1 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any
2 time if it determines the allegation of poverty is untrue, or if the
3 action is frivolous or malicious, fails to state a claim on which
4 relief may be granted, or seeks monetary relief against an immune
5 defendant.  Having carefully reviewed the allegations of plaintiff's
6 complaint, the undersigned will recommend that this action be
7 dismissed since it seeks monetary relief against an immune defendant.
8         The Supreme Court has held that judges acting within the
9 course and scope of their judicial duties are absolutely immune from
10 liability for damages under § 1983.  Pierson v. Ray, 386 U.S. 547
11 (1967).  A judge is "subject to liability only when he has acted in
12 the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435
13 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351
14 (1872)).  "A judge will not be deprived of immunity because the
15 action he took "was in error, was done maliciously, or was in excess
16 of his authority."  Stump v. Sparkman, 435 U.S. at 356.  Moreover, a
17 judge's jurisdiction is quite broad.  "[T]he factors determining
18 whether an act by a judge is a 'judicial' one relates to the nature
19 of the act itself, i.e., whether it is a function normally performed
20 by a judge, and to the expectations of the parties, i.e., whether
21 they dealt with the judge in his judicial capacity."  Partington v.
22 Gedan, 961 F.2d 852, 866 (9th Cir. 1992) (quoting Stump v. Sparkman,
23 435 U.S. at 362).  See also Mireles v. Waco, 502 U.S. 9, 13 (1991)
24 (in determining whether judicial immunity applies, court looks to the
25 "particular act's relation to a general function normally performed
26 /////

by a judge"); Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999).

Plaintiff, a former state prisoner, initiated this § 1983 action by filing his pro se complaint on January 31, 2005. According to the complaint, defendant Magistrate Judge Hollows violated plaintiff's constitutional rights in connection with the issuance of findings and recommendations recommending the dismissal of a previous civil rights action initiated by plaintiff in this court. (See Herman M. Thomas v. Judge Tochterman, et al., No. CIV S-03-0413 FCD GGH P.) Taking the allegations of plaintiff's complaint as true, it is clear that the conduct complained of stems from functions normally performed by a judge and that plaintiff dealt with defendant in his judicial capacity.  Thus, defendant Hollows is entitled to judicial immunity with respect to plaintiff's claim for damages brought against him.[1]  The undersigned will therefore recommend that this action be dismissed with prejudice.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's request for leave to proceed in forma pauperis is granted.

IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed without leave to amend and that this action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the

---

[1] The court has considered whether plaintiff's complaint seeks declaratory or injunctive relief.  However, plaintiff's request for relief contains no discernible allegations in this regard.  (Compl. at 10-11.)

3

provisions of 28 U.S.C. § 636(b)(1).  Within twenty (20) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 16, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddadl\orders.prose\thomas.ifp.f&r

4